UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALY HARP,

        Plaintiff,                            Case No.

v.                                       Honorable _____

CHASE BANK USA, N.A., and
JP MORGAN CHASE BANK, N.A.,

        Defendants.
_____/

Nemer N. Hadous (P82285)
HADOUS|CO. PLLC
24725 W. 12 Mile Rd., Ste. 110
Southfield, Michigan 48034
(248) 663-5155 (office)
(888) 450-0687 (facsimile)
nhadous@hadousco.com
Attorneys for Plaintiff Aly Harp

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff Aly Harp, ("Plaintiff"), by counsel, for his Complaint against Defendants Chase Bank USA, N.A. and JP Morgan Chase Bank, N.A. (collectively, "Defendant") alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

## JURISDICTION AND VENUE

1.     This Court has federal question jurisdiction because this action arises out of violations of federal law. 28 U.S.C. §§ 1331. Jurisdiction is also proper

pursuant to 47 U.S.C. §227(b) (TCPA) (permitting actions to enforce liability in an appropriate United States District Court).

2. Venue in the United States District Court for the Eastern District of Michigan is proper because Plaintiff resides in this District, Defendants regularly transact business within this District and are otherwise subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to this action occurred in this District.

## PARTIES

1. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

2. Plaintiff is a natural person. During all time relevant to this Complaint, Plaintiff was a citizen and resident of Wayne County, Michigan.

3. During all time pertinent to this Complaint, Defendant was authorized to conduct business in the State of Michigan and conducted business in Michigan on a routine and systematic basis.

4. Upon information and belief, Defendant Chase Bank USA, N.A. and JP Morgan Chase Bank, N.A. are subsidiaries of JP Morgan Chase & Co.

5. Defendant Chase Bank USA, N.A. may be served with process at 201 North Walnut Street, Wilmington, Delaware 19801.

6. JP Morgan Chase Bank, N.A. may be served with process at 270 Park Avenue, New York City, New York 10017.

7. During all time pertinent to this Complaint, Defendant acted through authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

8. Any violations by Defendant as set forth in this Complaint were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

9. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

10. Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA regulates, inter alia, use of automated telephone equipment, or "autodialers." Specifically, the plain language of § 227(b)(l)(A)(iii) prohibits use of autodialers to make any call to a wireless number in the absence of an emergency or prior express consent of the called party.

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found,

automated or pre-recorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be inconvenient.

13. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

14. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of artificial or prerecorded messages.

15. An "automatic telephone dialing system" means any equipment that has the "capacity to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.,* 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011).

## FACTUAL ALLEGATIONS

16. In October 2017, Defendant began calling Plaintiff's mobile telephone ending in 1719 multiple times per day to collect an alleged debt.

17. Defendant calls Plaintiff from the number (877) 925-4135 and (800) 246-1196. These numbers are affiliated with, owned and operated by Defendant.

18. Defendant calls Plaintiff's cellular telephone at an annoying and harassing rate on a near daily basis early in the morning and throughout the day. These calls occur multiple times per day, at nearly identical intervals signaling use of an automatic telephone dialing system.

19. On October 17, 2017, Defendant telephoned Plaintiff's mobile phone with its automatic telephone dialing system. When Plaintiff answered this phone call, the call was transferred to a live person who began to speak.

20. Plaintiff told Defendant he did not wish to be called or harassed anymore, and told Defendant to stop calling—thereby revoking consent to be contacted by Defendant. Defendant refused to honor this request. Rather than cease these calls, Defendant **increased** their frequency calling up to 4 times per day during the following week.

21. Over the next few months, Defendant continued to call Plaintiff's cellular telephone roughly 3-4 times per day.

22. On December 1, 2017, Plaintiff instructed Defendant once more to stop calling. Once more, Defendant refused this request and continued to call Plaintiff several times per day.

23. Despite multiple revocations by Plaintiff, Defendant refuses to cease its calls, and continues to harass Plaintiff on a near daily basis by repeatedly calling his cellular phone.

24. The telephone number Defendant contacts Plaintiffs at with its "automatic telephone dialing system," is assigned to cellular telephone services as specified in 47 U.S.C. § 227(b)(l)(A)(iii).

25. Defendant uses an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place these repeated calls to Plaintiff. Defendant's automatic telephone dialing system places multiple daily calls to Plaintiff's cellular telephone at similar intervals.

26. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

27. Defendant's calls are placed to a telephone number assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

28. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

29. Even if Defendant received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system, "prior express consent" was revoked, when Plaintiff told Defendant to stop calling him multiple times.

30. The natural consequence of Defendant's statements and actions is to produce an unpleasant and hostile situation between Defendant and Plaintiff.

COUNT ONE

VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

47 U.S.C. § 227

31. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

32. The TCPA is intended to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

33. In enacting the TCPA, Congress found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Mims* 132 S. Ct. at 744.

34. Section 227(b)(l)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.  The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of artificial or prerecorded messages.  An "automatic telephone dialing system" means any equipment that has the "capacity to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.,* 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011).

35. Defendant made unsolicited commercial phone calls to the wireless telephone number of Plaintiff, using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

36. On October 17, 2017, Plaintiff instructed Defendant not to call him anymore, thereby revoking consent to be contacted by Defendant. Defendant ignored this and continued to call Plaintiff.

37. Rather than cease its collection calls, Defendant began calling Plaintiff's cellular telephone up to 4 times per day.

38. On December 1, 2017, Plaintiff once more instructed Defendant not to call him anymore. Defendant yet again refused and continued calling Plaintiff's cellular telephone multiple times per day.

39. Defendant's collection telephone calls to Plaintiff are without Plaintiff's prior express consent.

40. Defendant's conduct therefore violates the TCPA by Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

## PRAYER FOR RELIEF

41. WHEREFORE, Plaintiff, respectfully requests judgment against Defendant, for the following:

(a)    For Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

(b)    For Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

(c)    Such other relief this Honorable Court deem just and proper, including post-judgment interest.

## JURY DEMAND

Plaintiff hereby demands jury trial on all issues so triable.

RESPECTFULLY SUBMITTED this 8th day of January 2018

HADOUS|CO. PLLC

/s/Nemer N. Hadous
Nemer N. Hadous (P82285)
24725 W. 12 Mile Rd., Ste. 110
Southfield, Michigan 48034
(248) 663-5155 (office)
(888) 450-0687 (facsimile)
nhadous@hadousco.com
Attorneys for Plaintiff Harp